IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAPOLEON GRAVES,** | : | **CIVIL ACTION NO. 1:07-CV-0849** |
| Petitioner | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **RONNIE HOLT**, | : | |
| | : | |
| Respondent | : | |

### ORDER

AND NOW, this 27th day of May, 2008, upon consideration of the report of the magistrate judge (Doc. 10), to which objections were filed, recommending that the petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 be dismissed in part and denied in part, and, following an independent review of the record, it appearing that petitioner has exhausted his administrative remedies[1] with respect to his due process claim that the United States Parole Commission ("USPC") relied upon hearsay statements when rendering its parole decision, but that petitioner has not exhausted his administrative remedies with respect to his claims of ineffective assistance of counsel during his revocation hearing and the failure of two adverse witnesses to appear at the same hearing (see Doc. 6, Ex. 9 (discussing only the hearsay statements made by Officer Headrick in petitioner's administrative filing with the USPC)), and the court finding that even if petitioner

---

[1] A prisoner must exhaust all administrative remedies before filing a petition for writ of habeas corpus. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

had exhausted all administrative remedies, the USPC appropriately considered his claims because there was a rational basis[2] in the record to support the finding that petitioner possessed a firearm (see id., Ex. 10 (finding as credible the testimony of Officer Headrick and the original statements made by petititioner's wife and stepson that petitioner possessed a firearm), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 2) is ADOPTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED in part and DENIED in part as follows:

   a. The petition is DISMISSED in regards to the unexhausted claims of ineffective assistance of counsel and the failure of the two adverse witnesses to appear at the revocation hearing.

   b. The petition is DENIED in regards to the hearsay claim.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[2] The standard of review with regard to USPC findings of fact is "whether there is a rational basis in the record for the [USPC's] conclusions embodied in its statement of reasons." Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000) (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)).